Fred M. ROBERTS

v.

CITICORP DINERS CLUB, INC. a/k/a
the Diners' Club, Inc.

Civ. No. K–84–3073.

United States District Court,
D. Maryland.

Nov. 9, 1984.

Ronald A. Karp and Chaikin, Karp &
Greenberg, Washington, D.C. and Barbara
E. Palmer, Upper Marlboro, Md., for plaintiff.

J. Hardin Marion and Valerie A. Zimkus,
Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Chief Judge.

After plaintiff, apparently a citizen of
the State of Maryland, commenced this action
in the Circuit Court for Prince
George's County, Maryland, defendant, a
New York corporation with its principal
place of business in the State of Illinois,
timely removed this case to this court and
plaintiff timely filed a motion to remand to
the state court. Plaintiff alleges that during
plaintiff's employment by defendant,
plaintiff was injured, successfully sought
workmen's compensation benefits pursuant
to Maryland law, and was thereafter
wrongfully discharged by defendant in retaliation
for plaintiff's obtaining such benefits.
Defendant's removal petition rests
upon diversity of citizenship and upon defendant's
status as a noncitizen of Mary-

land. 28 U.S.C. § 1441(a) and (b).[1] Plaintiff's remand motion is stated pursuant to 28 U.S.C. § 1445(c) which provides:

> (c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

The question presented in this case is whether the within cause of action stated by plaintiff is one "arising under the workmen's compensation laws." That question requires analysis, first, of Maryland law, and then of section 1445(c).

## I.

Md.Ann.Code art. 101, § 39A (1979 Repl. Vol.) reads as follows:

> (a) An employee entitled to benefits under this article may not be discharged from employment solely because he files a claim for compensation under this article.
>
> (b) Any person violating this section is guilty of a misdemeanor and, upon conviction, shall be fined not more than $500 or imprisoned not more than 12 months, or both, in the discretion of the court.

While section 39A(a) prohibits the type of retaliatory discharge alleged herein by plaintiff, no section of Maryland's statutory law provides any civil remedy to a discharged employee. Plaintiff, however, asserts such a right pursuant to *Adler v. American Standard Corp.*, 291 Md. 31, 432 A.2d 464 (1981) (*Adler I*). In *Adler I*, Chief Judge Murphy, writing for the Court of Appeals of Maryland, considered two questions certified by Judge Harvey of this Court, namely—

1. Section 1441(a) and (b) read as follows:
    (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(1) Is a cause of action for abusive discharge recognized under the substantive law of the State of Maryland?

(2) Do the allegations of the amended complaint, if taken as true, state a cause of action for abusive discharge under the substantive law of the State of Maryland? Judge Murphy answered "Yes" to question (1) and "No" to question (2). In so doing, Judge Murphy noted:

> The common law rule, applicable in Maryland, is that an employment contract of indefinite duration, that is, at will, can be legally terminated at the pleasure of either party at any time. [Citations omitted.] Statutes enacted by many states have, however, engrafted exceptions upon the terminable at will doctrine that abrogate an employer's absolute right to discharge an at will employee for any or no reason. In Maryland, for example, under Maryland Code (1957, 1979 Repl.Vol.) Art. 49B, § 16(a)(1), it is unlawful for an employer to discharge any employee "because of ... race, color, religion, sex, age, national origin, marital status, or physical or mental handicap unrelated in nature and extent so as to reasonably preclude the performance of the employment ...."[1]

1 The absolute right of the employer to discharge an employee is inhibited by other Maryland statutes. *See, e.g.,* Code (1957, 1979 Repl. Vol.) Art. 89, § 43 (employee may not be discharged for involvement in the enforcement of Maryland's Occupational Safety and Health Act); *Art. 101, § 39A (unlawful to discharge an employee for filing a workmen's compensation claim);* § 15–606, Commercial Law Article (1975, 1980 Cum.Supp.) (unlawful to discharge employee whose wages are subjected to attachment under certain circumstances); §§ 8–105, 8–401, Courts & Judicial Proceedings Article (1974, 1980 Repl.Vol.) (unlawful to discharge employee for time lost because of jury service).

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

291 Md. at 35, 432 A.2d 464 (emphasis supplied).

Then, after reviewing the case law in a number of jurisdictions, Judge Murphy wrote:

> With few exceptions, courts recognizing a cause of action for wrongful discharge have to some extent relied on statutory expressions of public policy as a basis for the employee's claim. Courts holding that at will employees failed to state a cause of action, but recognizing implicitly or expressly that a cause of action would be recognized under proper circumstances, generally do so on the grounds that no clear mandate of public policy was contravened by the discharge.

291 Md. at 40, 432 A.2d 464.

> Adler points to two sources of public policy. First, he contends that the misconduct of the Corporation's [defendant's] employees involving the payment of commercial bribes and the falsification of corporate records—the disclosure of which prompted his [plaintiff's] discharge—was in violation of the criminal law of the State, Md.Code (1957, 1976 Repl.Vol.) Art. 27, § 174. Second, he urges that practices such as commercial bribery and the falsification of corporate records are so clearly against public policy that he need not identify any statute or rule of law specifically prohibiting such improper and possibly illegal practices.

291 Md. at 43, 432 A.2d 464.

Before concluding (at 47, 432 A.2d 464) that "Maryland does recognize a cause of action for abusive discharge by an employer of an at will employee when the motivation for the discharge contravenes some clear mandate of public policy" but that Adler had not alleged such a cause of action, Judge Murphy also wrote:

> As indicated, the Court has not confined itself to legislative enactments, prior judicial decisions or administrative regulations when determining the public policy of this State. We have always been aware, however, that recognition of an otherwise undeclared public policy as a basis for a judicial decision involves the application of a very nebulous concept to the facts of a given case, and that declaration of public policy is normally the function of the legislative branch. [Citations omitted]. We have been consistently reluctant, for example, to strike down voluntary contractual arrangements on public policy grounds.

291 Md. at 45, 432 A.2d 464.

After the Court of Appeals of Maryland filed its opinion in *Adler I,* Judge Harvey, in *Adler v. American Standard Corp.,* 538 F.Supp. 572 (D.Md.1982) (*Adler II*), permitted plaintiff further to amend plaintiff's complaint (at 575) and wrote that "[t]he second amended complaint is identical with the amended complaint in all respects except that plaintiff has now enumerated a number of federal and state statutes claimed to have been violated by defendant's agents. These are alleged to be instances of the clear mandate of public policy, the contravention of which was allegedly the motivation for plaintiff's discharge." *Id.* at 575. Judge Harvey concluded (at 578) that the said amended complaint "now recites with the requisite degree of specificity the manner in which certain statutes were offended so as to constitute a violation of the public policy of this State."

## II.

The words "arising under" appear in a number of sections of Title 28 of the United States Code, including section 1331 which provides:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Those words also appear under particular grants of jurisdiction, as for example in sections 1337 (antitrust), 1338 (patents, etc.), 1340 (Internal Revenue, etc.), 1441(b) and 1445(c). The meaning of those words, as used in each of those statutory provisions, would appear to be the same. *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3561, at 397 n. 28.

Whether a given case "arises under" federal law has produced much litigation and no clear bright-line test. The seminal case is *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112–13 [57 S.Ct. 96, 97–98, 81 L.Ed. 70] (1936), in which Justice Cardozo stressed that a right under federal law must be an "element, and an essential one, of the defendant's cause of action" and that "[a] genuine and present controversy" involving federal law, and "not merely a possible or conjectural one, must exist." One leading commentator, Professor Mishkin, has suggested that "a substantial claim founded 'directly' upon federal law" is required. Another leading writer, Professor Wright, has opted for a "pragmatic" approach that "recognize[s] that 'the existing doctrines as to when a case raises a federal question are neither analytical nor entirely logical,' and that in the unusual case in which there is a debatable issue about federal question jurisdiction, pragmatic considerations must be taken into account." 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3562, at 414 (1975) (footnotes omitted) [hereinafter cited as Wright & Miller]; C. Wright, Law of Federal Courts 58 (1970 ed.).

In cases in which removal is based on the existence of a federal questions, "the federal courts always seek to ascertain the substantive underpinnings of plaintiff's cause of action." 14 Wright & Miller § 3734, at 736 (1976).

*Hayes v. National Con-Serv, Inc.*, 523 F.Supp. 1034, 1035–36 (D.Md.1981) (footnotes omitted).

In the within case, the "underpinnings of [the within] plaintiff's cause of action" are the public policy remedy created by the Court of Appeals of Maryland in *Adler I* in order to permit an employee to recover damages in a civil case if he has been wrongfully discharged for violation of a Maryland legislative policy such as the policy enunciated in section 39A of article 101. In the course of discussing Justice Cardozo's opinion in *Gully*, the authors of the Wright, Miller and Cooper treatise have written that where "federal law provides *both* the substantive right *and* a remedy for that right ... jurisdiction is taken as a matter of course" and "will be found" to be present "if federal law grants the substantive right *and* it is held that a federal remedy fairly may be implied from that right. If the federal law provides the substantive right only, but does not give a remedy, either expressly or by implication, the remedy must come from state law and federal jurisdiction [under section 1331 and other sections of Title 28 affirmatively providing federal subject matter jurisdiction] will be denied." 13 Wright, Miller & Cooper, *supra*, § 3562, at 411–12 (emphases supplied; footnotes omitted).

In the within case, plaintiff is asserting a substantive right created by a Maryland statute, *i.e.*, section 39A of article 101, and a state remedy which Maryland's highest court, in *Adler I*, has implied from that right. While the meaning of the words "arising under," as those words appear in 28 U.S.C. § 1441(c), appear grounded in federal law—since a federal jurisdictional statute is involved—the determination of whether the removed "*civil action*" is one "arising under *the workmen's compensation laws of such State*" seem to require this Court to look to the law of the State of Maryland to ascertain whether the within action arises under Maryland's workmen's compensation laws. Examination of the opinion of the Court of Appeals in *Adler I* reveals that the common law public policy remedy held by *Adler I* to exist is closely intertwined with the legislative policy embodied in Maryland workmen's compensation statutes. Therefore, this court concludes that the within action arises under those statutes. It is also to be noted that if federal—rather than state—law governs the interpretation of any of the words used in 28 U.S.C. § 1441(c), the observations of the authors of the Wright, Miller and Cooper treatise [2] and, moreover, the teachings

---

**2.** 13 Wright, Miller & Cooper, *supra*, § 3512 at 411–12, quoted at page 314 of the body of this

of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), support the conclusion that the *Adler I* remedy is implied from section 39(a) and that, accordingly, a cause of action, such as the one stated by plaintiff herein, "arises under" the applicable Maryland statutory law creating the substantive right.

In *Fernandez v. Reynolds Metals Co.,* 384 F.Supp. 1281 (S.D.Tex.1974), the plaintiff alleged that he was discriminated against by his employer "because [p]laintiff utilized workmen's compensation proceedings." *Id.* at 1283. Under statutory provisions which Judge Cox in *Fernandez* construed as part of Texas' statutory workmen's compensation law framework, there existed a civil remedy running in favor of the plaintiff. Accordingly, Judge Cox granted plaintiff's remand motion pursuant to 28 U.S.C. § 1445(c). A similar construction of Oklahoma statutory provisions led Chief Judge Daugherty to reach a similar result in *Kemp v. Dayton Tire and Rubber Co.,* 435 F.Supp. 1062 (W.D.Okla.1977). *See also Green v. Hajoca Corp.,* 573 F.Supp. 1120 (E.D.Va.1983), in which Judge Warriner, citing to both *Fernandez* and *Kemp,* remanded to the state court, holding that plaintiff's claims for compensatory and punitive damages, because of alleged retaliatory action by plaintiff's employer after plaintiff had exercised his Virginia statutory right to apply for workmen's compensation benefits, arose under Virginia's statutory provisions relating to such benefits. In all three said cases—*Fernandez, Kemp* and *Green*—the applicable state statutes themselves provided plaintiffs with their respective civil substantive rights and civil remedies. That, of course, is not the situation in Maryland which provides a statutory substantive right in section 39A(a) of article 101, no explicit statutory civil remedy, a statutory penal sanction in section 39A(b), and an *Adler I* implied common law remedy.

In *Oppenheim v. Sterling,* 368 F.2d 516, 517 (10th Cir.1966), the plaintiff sought relief in federal court for alleged "conspiratorial maladministration by defendants of the trusts which had been and were then being administered in courts of the State of Colorado." Affirming the district court's determination that diversity jurisdiction under 28 U.S.C. § 1332 was absent, the Tenth Circuit also held that federal question jurisdiction under 28 U.S.C. § 1331 was not present simply because the complaint alleged a violation of 18 U.S.C. §§ 1341, 1342, the same being penal statutes relating to mail frauds, writing:

> Nor did federal question jurisdiction appear. The amended complaint asserted that in addition to claimed diversity jurisdiction the action was founded upon a violation of 18 U.S.C. §§ 1341, 1342, relating to mail frauds. There is no legislative history nor is there any case which has been cited to us or which we can find which supports the view that a violation of these penal statutes as such affords the court federal question jurisdiction in a civil case. There are no other facts or theories ....

*Id.* at 518–19 (footnote omitted).

The question of whether the existence of a state penal sanction in section 39A(b) of article 101, coupled with section 39A(a)'s substantive creation of a state right in favor of an employee, provides an appropriate basis for implying a cause of action arising under Maryland's workmen's compensation laws, within the meaning of 28 U.S.C. § 1445(c), is one with regard to which this court has found no explicit case law authority. However, that question need not be reached herein because of the existence of the state law statutory right under section 39A(a), coupled with *Adler I*'s recognition of a state common law remedy.

For the reasons set forth in this opinion, plaintiff's remand motion will be granted.