Glenda POPE, Plaintiff-Appellant,

v.

**BETHESDA HEALTH CENTER, INC.,
Liberty Mutual Insurance Co.,
Defendants-Appellees.**

No. 86–3977.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 12, 1986.

Decided March 18, 1987.

Rehearing and Rehearing En Banc
Denied May 15, 1987.

Eugene Joseph Fitzpatrick, Jr. (Ward & Klein on brief) for plaintiff-appellant.

Randall James Turk, James Patrick Salmon (Jamie S. Gorelick, Miller, Cassidy, Larroca & Lewin, Sasscer, Clagett, Channing & Bucher, on brief), for defendants-appellees.

Before WINTER, Chief Judge, HALL, Circuit Judge, and McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.

HARRISON L. WINTER, Chief Judge.

Glenda Pope, after she settled her workers' compensation claim against her former employer, Bethesda Health Center, Inc. (Bethesda), invoked diversity jurisdiction to sue Bethesda and its insurer for money damages, alleging that she had been wrongfully discharged for asserting a compensation claim. The district court gave summary judgment to defendants, ruling that the release given by Pope in settlement of her compensation claim barred a suit for wrongful discharge for asserting a compensation claim. Pope appeals and we reverse and remand. We do not think that the release has the legal effect ascribed to it by the district court.

### I.

Pope was employed by Bethesda in 1979 as a nurse's helper to distribute medicines to patients at Bethesda's health care facility. About six months later, Pope injured her back when she slipped on some Jell-O on the floor of a patient's room. In January, 1980, she filed a claim for workers' compensation benefits and was awarded temporary total disability benefits.

While receiving the benefits, Pope sought to be retrained as a dental assistant. She gained admission to a training program, but Bethesda and its insurer resisted paying for the retraining. The matter was set down for a hearing before the Maryland Workers' Compensation Commission. Subsequently, Bethesda offered Pope employment as a ward clerk, a position that would put no strain on her back. The Commission instructed the parties to determine if Pope could perform the duties of a ward clerk, consistent with her physical limitations. Pope accordingly returned to work in that capacity.

In November, 1981, the Commission awarded Pope $38,400 in permanent partial disability benefits for what it rated as a 60% permanent partial disability. Bethesda and its insurer sought reconsideration of the order before the Commission and the matter was set for rehearing on January 20, 1982. Prior to the rehearing, Pope allegedly discovered a memorandum on the desk of the administrator of Bethesda to the effect that if the Commission's award remained in place after the rehearing, she would be discharged. On rehearing the award was affirmed, and on March 2, 1982, Pope ceased working for Bethesda. The parties disagree whether she left voluntarily or whether she was fired. In any event, both Pope and Bethesda appealed the disability award to the Circuit Court for Montgomery County, Maryland, Pope contending that the award was inadequate and Bethesda claiming that it was excessive.

While the court case was pending, the parties executed a document entitled "Final Compromise and Settlement Agreement." Briefly stated, Bethesda and its insurer agreed to pay Pope $43,400, in addition to all benefits previously paid for temporary total disability. Except for her right to receive payments for necessary future medical treatment arising out of her occupational injury, Pope accepted the payment:

in final compromise and settlement of any and all claims ... which [Pope] ... might now or could hereafter have under the provisions of [the Maryland Workers' Compensation Law], arising out of the aforesaid injury or disablement or the disability resulting therefrom, and does hereby ... release and forever discharge [Bethesda and its insurer] from all other claims of whatsoever kind which might or could hereafter arise under the Workmen's Compensation Law from the said injury, disablement or disability.

Although Pope had advised her counsel of the memorandum that she had discovered, neither Pope nor her attorney disclosed the existence of the memo to Bethesda or its insurer until the subsequent suit for wrongful discharge was instituted.

### II.

If Pope can prove her allegation that she was discharged because she filed a work-

ers' compensation claim, Maryland would recognize a private cause of action for violation of Md.Ann.Code Art. 101, § 39A of Maryland's Workmen's Compensation Law.[1] *See Adler v. American Standard Corp.*, 291 Md. 31, 432 A.2d 464 (1981); *Roberts v. Citicorp Diners Club, Inc.*, 597 F.Supp. 311 (D.Md.1984); *Adler v. American Standard Corp.*, 538 F.Supp. 572 (D.Md.1982).

The district court in the instant case ruled in reliance on *Roberts, supra*, that Pope's alleged cause of action arose under the Maryland Workmen's Compensation Law and hence was specifically released by the document signed by the parties which represented their agreement. *Roberts* held that a suit in state court for wrongful discharge based on allegations that an employee was discharged in retaliation for filing a claim for workers' compensation benefits, was not removable to a district court because 28 U.S.C. § 1445(c) prohibited removal of a state court civil action "arising under the workmen's compensation laws of such State." The *Roberts* decision reasoned that a private cause of action under § 39A did arise under the Maryland compensation law for purposes of a federal jurisdictional statute, and hence the action could not be removed to the district court.

We do not question the correctness of *Roberts*. But even if we agree that Pope's alleged cause of action arises from § 39A of the Maryland statute for purposes of a release, the district court erred when it concluded that this was the sole test of the scope of the release. Under Maryland law, "the construction of a written contract is ordinarily considered to be an issue of law for resolution by the trial judge, and absent

an ambiguity, the contract's 'plain meaning will be given effect.' " *James Julian, Inc. v. State High Administration*, 63 Md.App. 74, 94, 95, 492 A.2d 308, 318, 189 (1985) (quoting *Aetna Casualty & Surety Co. v. Insurance Commissioner*, 293 Md. 409, 420, 445 A.2d 14, 19 (1982). *See also Truck Insurance Exchange v. Marks Rentals, Inc.*, 288 Md. 428, 418 A.2d 1187 (1980).

We think that the language of this release, examined in its entirety, is clear and unambiguous. It releases and forever discharges Pope's present or future claims arising under the compensation statute "from the said injury, disablement or disability." Application of the release thus depends upon fulfillment of two conditions: first, the claim must "arise" under the Maryland Workmen's Compensation Law, and, second, the claim must be "from the said injury, disablement or disability." Pope's claim may satisfy the first condition, but we need not reach that issue. Pope's claim does not stem from her injury and thus fails to satisfy the second condition. Pope does not allege a cause of action for injury, disablement or disability stemming from an accident in the course of her employment. Rather she alleges a separate, distinct and different cause of action—her wrongful discharge because she asserted her right to worker's compensation benefits.[2]

Thus we conclude that Pope's release does not bar her present cause of action. We reverse summary judgment for defendants predicated on the release and remand the case for further proceedings.

**REVERSED AND REMANDED.**

---

1. § 39A. Discharge from employment for filing claim.

   (a) An employee entitled to benefits under this article may not be discharged from employment solely because he files a claim for compensation under this article.

   (b) Any person violating this section is guilty of a misdemeanor and, upon conviction, shall be fined not more than $500 or imprisoned not more than 12 months, in the discretion of the court.

2. Our dissenting brother is correct that our construction of the release was not advocated by plaintiff in her brief. However, when her attorney was interrogated during argument about the possibility of this construction, plaintiff readily adopted it and defendants had ample opportunity to reply. Lest it be thought that the parties were unprepared to discuss the point and cite relevant authorities, it is significant that no one, pursuant to F.R.A.P. 28(j), has sought to call attention to additional authority after argument.

HALL, Circuit Judge, dissenting:

I cannot accept the majority's reasoning with regard to the effect of the release executed by Pope. The restrictive view of that release now advanced by the majority was never even remotely argued by plaintiff either below or on appeal. Moreover, on its merits, the majority's conclusion defies the plain and unambiguous language of the release. For these reasons, I respectfully dissent.

In my view, the district court correctly held that the settlement agreement between Pope and BHC defeats Pope's present action against BHC for wrongful discharge. That agreement, which was drafted by Pope's attorney, clearly states that plaintiff:

> hereby accepts the said agreement and the aforesaid payment(s) in *final compromise and settlement of any and all claims*, except that her future right to necessary medical treatment related to her occupational injury sustained on the 29th day of December, 1979, will remain open and continue to be the responsibility of the Employer/Insurer, which the Claimant, his or her personal representative, dependents, husband, children or any other parties who might become beneficiaries under the said Workmen's Compensation Law, might now or could hereafter have under the provisions of the said Law, arising out of the aforesaid injury or disablement or the disability resulting therefrom, and does hereby, on behalf of himself or herself and all of said other parties, release and forever discharge the Employer/Insurer, their personal representatives, heirs, successors and assigns, from *all other claims of whatsoever kind which might or could hereafter arise under the Workmen's Compensation Law from the said injury, disablement or disability.*

(emphasis added).

The broad language employed by Pope in her release precludes "any and all claims ... of whatsoever kind" arising under Maryland's workmen's compensation laws. Construing this language and relying on the analysis of a similar issue in *Roberts v.*

*Citicorp Diners Club, Inc.*, 597 F.Supp. 311 (D.Md.1984), the district court reasonably concluded that Pope's wrongful discharge action arose under the workmen's compensation statutes and was, therefore, barred by the settlement agreement.

I am unpersuaded by the majority's attempt to circumvent the obvious effect of the release by artificially limiting its reach to claims involving the specific back injury which gave rise to plaintiff's request for workmen's compensation benefits. Such splitting of hairs is simply not justified by the facts presented in this case. Had Pope intended to so restrict her release, she, as the drafter of the agreement, could easily have included appropriate language to accomplish that purpose. Furthermore, the fact that Pope confined her argument below and on appeal solely to whether her claim for wrongful discharge arose under Maryland's workmen's compensation laws belies the majority's strained interpretation of the release and convincingly demonstrates that the document does not say what the majority now perceives it to say.

Md.Ann.Code Art. 101, § 39A of Maryland's Workmen's Compensation Act grants employees the substantive right to be free from retaliatory discharge as a result of filing a claim for workmen's compensation benefits. That statute is the source of Pope's present cause of action. By accepting $43,400 and lifetime free medical treatment in exchange for releasing defendants "from all ... claims of whatsoever kind which might or could hereafter arise under the Workmen's Compensation Law," Pope erected a permanent barrier to bringing the instant action.

For the foregoing reasons, I would affirm summary judgment in favor of defendants on the reasoning of the district court. *Pope v. Bethesda Health Center, Inc.*, 628 F.Supp. 797 (D.Md.1986).