UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TURNER O. WILEY,
           *Plaintiff-Appellant,*

v.

UNITED PARCEL SERVICE,
INCORPORATED,
           *Defendant-Appellee.*

No. 99-2277

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, District Judge.
(CA-98-126-1)

Argued: February 28, 2001

Decided: April 27, 2001

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Kathleen G. Sumner, LAW OFFICES OF KATHLEEN
G. SUMNER, Greensboro, North Carolina, for Appellant. John James
Doyle, Jr., CONSTANGY, BROOKS & SMITH, L.L.C., Winston-
Salem, North Carolina, for Appellee. **ON BRIEF:** Jeanette L. Foust,
LAW OFFICES OF KATHLEEN G. SUMNER, Greensboro, North
Carolina, for Appellant. Jill S. Stricklin Cox, CONSTANGY,
BROOKS & SMITH, L.L.C., Winston-Salem, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Turner Wiley sued his employer, United Parcel Service, Inc. (UPS), in North Carolina Superior Court, alleging that UPS retaliated against him for pursuing workers' compensation benefits. UPS removed the suit to the U.S. District Court for the Middle District of North Carolina on the basis of diversity of citizenship. Wiley did not object to the removal, and the parties proceeded with discovery. After discovery was completed, UPS moved for summary judgment, and the motion was granted. The district court held that Wiley did not make out a prima facie case for unlawful retaliation because he failed to establish a causal relationship between his application for workers' compensation benefits and UPS's adverse employment action.* The district court also concluded that even if Wiley could establish a prima facie case, UPS would still be entitled to summary judgment because the company would have taken the same employment action absent Wiley's protected activity. Wiley now appeals.

After considering the joint appendix, the parties' briefs, and the oral arguments of counsel, we are persuaded that the district court reached the correct result. We therefore affirm substantially on the reasoning of the district court. *See Wiley v. United Parcel Serv.*, No. 1:98CV00126 (M.D.N.C. Aug. 17, 1999). One issue merits further discussion. Wiley argues for the first time on appeal that UPS's removal of his suit to federal court was improper. Wiley contends that removal is barred by 28 U.S.C. § 1445(c), which provides, "A civil

---

*Specifically, Wiley's retaliation claim is that UPS terminated him because he filed a compensation claim. Wiley was fired following an altercation with his supervisor, Robert Latchford. Latchford did not know about Wiley's pending compensation claim when he fired him. In any event, Wiley was later reinstated after his grievance was sustained by the Atlantic Area Panel Grievance Committee.

action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Because Wiley believes that his retaliation claim arises under North Carolina's workers' compensation laws, he asserts that his suit could not be removed to federal court.

Even if Wiley's retaliation claim did arise under North Carolina's workers' compensation laws, Wiley nevertheless waived his right to object to the removal. Under 28 U.S.C. § 1447(c) a "motion to remand [a] case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal." (emphasis added). Thus, § 1447(c) provides that a party who fails to note a non-jurisdictional objection within 30 days of the notice of removal waives the objection. Violations of 28 U.S.C. § 1445(c) have been held to constitute procedural, and not jurisdictional, defects. *See, e.g.*, *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998); *Ayers v. ARA Health Servs., Inc.*, 918 F. Supp. 143, 146-47 (D. Md. 1995). Accordingly, a party seeking to invoke § 1445(c) must object to removal within thirty days after the filing of a notice of removal. Here, Wiley failed to object to UPS's removal of the suit in a timely manner. UPS filed its notice of removal on February 9, 1998. Wiley, however, did not object until the initiation of this appeal on September 13, 1999. Because his objection was made over thirty days after removal, he has waived his argument for improper removal.

*AFFIRMED*