James T. MORRIS; Ray N. Pry; James A. Destro; Larry E. Wilson, Plaintiffs–Appellees,

v.

BRIDGESTONE/FIRESTONE, INC.; Donald L. Groninger; George W. Aucott, Defendants–Appellants.

No. 92–3512.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 3, 1992.

Decided Jan. 7, 1993[*].

\* This decision was originally issued as an "unpublished decision" filed on January 7, 1993.

William R. Holland (briefed), Akron, OH, for plaintiff-appellee.

Keith L. Pryatel (briefed), Michael J. Ranallo, Millisor & Nobil, Cleveland, OH, for Bridgestone/Firestone, Inc.

Keith L. Pryatel, Michael J. Ranallo, Kelly E. Drushel, Millisor & Nobil, Cleveland, OH, for Donald L. Groninger and George W. Aucott.

Before: MERRITT, Chief Judge; and GUY and RYAN, Circuit Judges.

PER CURIAM.

Defendants appeal a district court's order awarding attorney fees and costs under 28 U.S.C. § 1447(c) following remand of a state court action improperly removed to federal district court. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed. R.App.P. 34(a). Additionally, the parties have expressly waived oral argument.

Plaintiffs, former employees of defendant Bridgestone/Firestone, Inc., filed their complaint in the Court of Common Pleas for Summit County, Ohio. They alleged wrongful termination based on age discrimination and breach of their employment contracts. During the course of giving depositions, plaintiffs expressed concerns that their employer's decision to terminate their employment was motivated in part by the potential for pension savings. Defendants then filed a removal petition based on the federal courts' exclusive jurisdiction over claims arising under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1140.

The district court determined that plaintiffs did not present claims based on ERISA violations and that removal was improper. The district court entered an order remanding the action to state court. The district court's order of remand is not subject to appellate review. *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 352–53, 96 S.Ct. 584, 593–94, 46 L.Ed.2d 542 (1976). Additionally, however, pursuant to 28 U.S.C. § 1447(c), the district court awarded attorney fees and costs to plaintiffs in the amount of $1,887.50.

On appeal, defendants argue that the award of fees was an abuse of discretion because it was based on an erroneous finding by the district court that removal improperly delayed the litigation. Defendants further argue that their petition for removal was based on a good faith belief that the federal district court had exclusive

jurisdiction over plaintiffs' claims. Defendants' arguments are unavailing. Contrary to defendants' assertions, the district court's finding that the litigation was delayed was not necessary to an award of attorney fees under § 1447(c).

Prior to November 1988, § 1447(c) did not provide for the award of attorney fees. The district court's exercise of discretion was limited to an award of "just costs." 28 U.S.C.A. § 1447(c) (West 1973). An award of costs was solely within the discretion of the district court. *See Bucary v. Rothrock*, 883 F.2d 447, 449 (6th Cir.1989). A threshold determination of bad faith, improper purpose, or vexatious or wanton conduct was not necessary. *See id.*

The district court's discretion under § 1447(c) was significantly expanded when the section was amended in 1988. *See M.D.C. Wallcoverings v. State Bank of Woodstock*, 771 F.Supp. 242, 244 (N.D.Ill. 1991). The current version specifically authorizes an award of attorney fees:

> (c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.* A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C.A. § 1447(c) (West Supp.1991) (emphasis added).

The Second Circuit, upon review of the amendment, has concluded that the district court enjoys the same grant of discretion to award attorney fees under the newer version of the section as it previously held to award costs under the former. *See Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923–24 (2d Cir.1992); *see also Moore v. Kaiser Found. Hosps., Inc.*, 765 F.Supp. 1464, 1465–66 (N.D.Cal.1991); *Pen-*

*rod Drilling Corp. v. Granite State Ins. Co.*, 764 F.Supp. 1146, 1146–47 (S.D.Tex. 1990). The Second Circuit noted that the amended statute "affords a great deal of discretion in fashioning awards of costs and fees." *Morgan Guar. Trust Co.*, 971 F.2d at 923–24. Without defining precise boundaries of a district court's discretion, the circuit court determined that an award of fees and costs should be affirmed if "fair and equitable under all the circumstances." *Id.* We agree.

Plaintiffs in the present case filed their complaint in an Ohio state court. Their claims of unlawful termination of their employment were based solely on alleged violations of state law. The district court determined that plaintiffs' claims to lost welfare and pension benefits under ERISA were relevant only to the extent that they constituted damages for the alleged wrongful terminations. The district court concluded that it lacked jurisdiction to review plaintiffs' state law claims and issued its order of remand. Under these circumstances, an award of fees and costs was fair and equitable.

▮ The district court did not abuse its discretion by awarding attorney fees in this case. Moreover, because a finding of an improper purpose is not necessary to support an award under the amended section, we need not address defendants' claim that the district court erred in its finding that the removal improperly delayed the litigation. The district court's order awarding attorney fees and costs under 28 U.S.C. § 1447(c) is affirmed.