John C. GIBSON, Karen Gibson, Joshua Gibson, Luke Gibson, Plaintiffs,

v.

Glenn N. TINKEY, Robert H. Croner, Pro Fact Corporation, Snyder's Potato Chip, division of Curtice Burns Food, Inc., Defendants.

Civ. A. No. 6:92–1113.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

June 3, 1993.

348

Avrum Levicoff, Anstandig, Levicoff & McDyer, Pittsburgh, PA, for plaintiffs.

S. Jane Anderson, Dickie, McCamey & Chilcote, Pittsburgh, PA, for Tinkey and Croner.

George J. Anetakis, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, Weirton, WV, for Pro Fact and Snyder's.

## ORDER

HADEN, Chief Judge.

Pending is Plaintiffs' motion to remand and for payment of costs and attorney fees associated with the removal. Defendants Tinkey and Croner filed a notice of removal to this Court from the Circuit Court of Wood County, West Virginia. The record does not indicate the remaining co-Defendants joined in this removal petition. Defendants have not filed a response to Plaintiffs' motion.

It is well-settled that "all defendants must join in the petition for removal." *Means v. G & C Towing, Inc.*, 623 F.Supp. 1244, 1244 (S.D.W.Va.1986) (citing *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)); *see also* 14A Charles A. Wright et al., *Federal Practice and Procedure* § 3731 (1985). There are exceptions to this general rule. *Means*, 623 F.Supp. at 1245. No exception appears applicable from the face of the petition, however, and Tinkey and Croner's failure to respond to Plaintiffs' motion leaves the Court to conclude that no exception is applicable. Accordingly, Plaintiffs' motion to remand is **GRANTED**, and this action is **REMANDED** to the Circuit Court of Wood County, West Virginia.

Plaintiffs, pursuant to 28 U.S.C. § 1447(c), additionally move for payment of just costs and actual expenses, including attorney fees, associated with the removal. Plaintiffs' attorney has filed an affidavit stating he performed three hours of research in relation to the instant motion. He further attests that $100.00 per hour is a reasonable hourly rate for this research.

Title 28 U.S.C. § 1447(c) provides, in part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of such costs and expenses is discretionary. *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2nd Cir.1992). Prior to the

1988 amendment of § 1447(c), a showing of bad faith removal was necessary to recover attorney fees. *See Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 511 (E.D.Va.1992) (citation omitted).

The trend among the circuits construing the amended version of § 1447(c), however, is to award attorney fees without reference to a particular state of mind or improper purpose. *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir.1993); *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 448 (9th Cir.1992); *Republic of Palau,* 971 F.2d at 923; *Liebig v. DeJoy,* 814 F.Supp. 1074, 1077 (M.D.Fla.1993) (stating "[T]he intent of the statute is to reimburse Plaintiffs who have incurred expenses in attacking improper removals").

Plaintiffs have demonstrated this case was improperly removed by Tinkey and Croner. Indeed, the basis for the petition for removal was contrary to well-settled authority. The Court, after consideration of the nature of removal and remand concludes that an award of costs and attorney fees is appropriate. Accordingly, the Court **GRANTS** Plaintiffs' motion for payment of costs and additionally awards Plaintiffs attorney fees in the amount of $300.00.