842 F.Supp. 895 (1994)
Mark HUSK, Plaintiff,
v.
E.I. DU PONT DE NEMOURS AND COMPANY, Defendant.
Civ. A. No. 6:93-1018.
United States District Court, S.D. West Virginia, Parkersburg Division.
January 20, 1994.
John E. Triplett, Jr., Theisen, Brock, Frye, Erb & Leeper, Marietta, OH, for plaintiff.
Charles L. Woody, Niall A. Paul, Spilman, Thomas & Battle, Charleston, WV, and F. Richard Hall, Spilman, Thomas & Battle, Parkersburg, WV, for defendant.

MEMORANDUM OPINION AND ORDER
HADEN, Chief Judge.
Pending before the Court is the Plaintiff's motion to remand. For the reasons discussed below, the Court GRANTS the Plaintiff's motion and REMANDS this action to the Circuit Court of Wood County. The Court awards the Plaintiff attorney fees and costs.
The Plaintiff, Mark Husk, seeks to remand this action to the Circuit Court of Wood County, West Virginia. The Plaintiff, who was employed by the Defendant, E.I. Du Pont De Nemours and Company, alleged in his complaint that Defendant terminated his *896 employment in response to its anticipation that the Plaintiff would file a workers' compensation claim for an injury sustained during the course of his employment with the Defendant.
On October 25, 1993 the Defendant filed a notice of removal of the Plaintiff's action with this Court. The Defendant contends this Court has jurisdiction over the removal action pursuant to 28 U.S.C. § 1332 (1988) and 28 U.S.C. § 1441(b) (1991).[1] To support diversity jurisdiction, the Defendant also alleges that the parties are from different states and the amount in controversy exceeds fifty thousand dollars.

I.
The Plaintiff contends the termination of his employment by the Defendant violated the prohibition against retaliatory discharge found in the West Virginia Workers' Compensation Act, W.Va.Code § 23-5A-1 (1978). The Plaintiff argues in his motion to remand that the case may not be removed to this court because removal is prohibited by 28 U.S.C. § 1445(c) (1978), which states: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."
In addition to the retaliatory discharge claim, the Plaintiff's complaint also alleged 1) a claim for punitive damages arising from the Defendant's "malice, [and] intentional disregard for the statutory and common law rights of the Plaintiff ..." and 2) that Plaintiff had relied upon the Defendant's representations that he "would not be discharged without warning or due cause," to his detriment. (Page 3 of Plaintiff's complaint).
This Court has previously held that a claim of retaliatory discharge, made pursuant to W.Va.Code § 23-5A-1, is one that arises under the workers' compensation laws of West Virginia and is thus barred from removal to a federal district court by 28 U.S.C. § 1445(c). Thomas v. Kroger Co., 583 F.Supp. 1031 (S.D.W.Va.1984). In Thomas this court concluded that:
"... W.V. Code § 23-5A-1 is a law arising under the workmen's compensation laws of West Virginia and Plaintiff's instant action, founded upon this statute and the West Virginia Supreme Court's opinion in Shanholtz [v. Monongahela Power Company, 165 W.Va. 305, 270 S.E.2d 178 (1980)], is barred from removal to federal court by 28 U.S.C. § 1445(c). In reaching this conclusion, the Court is persuaded not only by the fact that § 23-5A-1 is codified as part of the West Virginia Workmen's Compensation laws (collected at Chapter 23 of the W.Va. Code) but also by the fact that it is an integral, even essential, component of the legislatively created workmen's compensation scheme. The elaborate workmen's compensation plan established by the legislature would be nullified if workers refrained from filing claims for benefits or otherwise refused to participate in workmen's compensation proceedings, for fear that they would be terminated because of their actions. The protection afforded workers pursuant to the provisions of § 23-5A-1, then, demarcates it as an important part of West Virginia's workmen's compensation laws. Any civil action brought by an employee to seek redress for the employer's alleged violation of this statute is an equally important aspect of the legislative scheme since a private action *897 brought by an aggrieved employee is the only method to enforce the prohibition against retaliatory conduct set forth in § 23-5A-1. Therefore, a worker's private action, such as plaintiff's, must be considered as an action `arising under the workmen's compensation laws' of West Virginia." 583 F.Supp. at 1037. (footnotes omitted.)
Courts in other jurisdictions have come to similar conclusions. See Jones v. Roadway Exp., Inc., 931 F.2d 1086 (5th Cir.1991) (construing the Texas workers' compensation statute); Thompson v. Cort Furniture Rental Corp., 797 F.Supp. 618 (W.D.Tenn.1992) (construing the Tennessee workers' compensation laws); Pettaway v. Wayne County Poultry Co., 791 F.Supp. 290 (M.D.Ala.1992) (construing the Alabama Workers' Compensation Act); Rodkey v. W.R. Grace & Co., 764 F.Supp. 1313 (N.D.Ill.1991) (construing the Illinois workers' compensation statute); Roberts v. Citicorp Diner's Club, Inc., 597 F.Supp. 311 (D.C.Md.1984) (construing the Maryland workers' compensation statute).
The Defendant argues that because a retaliatory discharge action may not be brought under the administrative dispute resolution system embodied in the West Virginia Workers' Compensation Act (W.Va. Code § 23-4-1, et seq.), and instead must be brought as a civil action, that retaliatory discharge actions are excluded from the purview of 28 U.S.C. § 1445(c). In light of Thomas, supra, however, the Defendant's argument is unavailing. Clearly, 28 U.S.C. § 1445(c) applies to bar removal of actions based upon the prohibition of retaliatory discharge found within the West Virginia Workers' Compensation Act. What remains in issue is whether the Plaintiff's two other causes of action may be removed to federal district court pursuant to 28 U.S.C. § 1441(c) (1991).

II.
The Defendant asserts that the latter two causes of action alleged in the Plaintiff's complaint are not "grounded in West Virginia Workers' Compensation law" and thus, pursuant to 28 U.S.C. § 1441, those causes of action are separable from the workers' compensation claim and removable to this court. 28 U.S.C. § 1441(c) states,
"Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." (emphasis added).[2]
28 U.S.C. § 1331 (1980), which is referenced by the aforementioned 28 U.S.C. § 1441(c), provides the following: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Thus, pursuant to 28 U.S.C. § 1441(c), only causes of action in civil cases that "aris[e] under the Constitution, laws, or treaties of the United States" must be examined to determine whether they are "separate and independent" from the non-removable claim. See Allsup v. Liberty Mutual Insurance Company, 782 F.Supp. 325, 327-28 (N.D.Tex.1991) (28 U.S.C. § 1445(c) "allows the removal of *898 otherwise non-removable claims only when they are joined with a separate and independent federal question claim; it no longer applies when the linchpin for removal is a separate and independent diversity claim.") Other courts have also refused to remove separate and independent claims where the only jurisdiction asserted was based upon diversity. See Baylor v. District of Columbia, 838 F.Supp. 7 (D.D.C.1993); Auto Transportes Gacela S.A. De C.V. v. Border Freight Distributing and Warehouse, Inc., 792 F.Supp. 1471 (S.D.Tex.1992).
The district court in Allsup, supra, addressed a situation similar to that raised in the instant case. There, the plaintiff filed a complaint in state court alleging he had been disabled while employed by the defendant's client.[3] He further alleged that the defendant had breached a duty of good faith and fair dealing. The district court held, assuming the "bad faith" claim did not arise under the Texas workers' compensation laws, the fact that no federal question was raised precluded the district court from assuming jurisdiction over the case pursuant to 28 U.S.C. § 1441(c). The Court concluded that because no federal question was involved and the defendant had not attempted to sever the claims at the state court level and had thus removed the entire action to federal court, it was therefore forced to consider the removability of the action as a whole. The Court concluded "[i]f the entire case was not removable, the entire case was subject to remand. In the end ... the non-removability of the workers' compensation claim doomed [defendant's] removal action." 782 F.Supp. at 328.
The claim for retaliatory discharge is clearly non-removable pursuant to 28 U.S.C. § 1445(c) and Thomas, supra. For the case to be removable, then, the Plaintiff's other claims must pose some question of federal law. Of the remaining causes of action, one asserts a claim for punitive damages pursuant to the retaliatory discharge, and the other asserts a breach of an alleged implied employment contract. It is clear that no federal question is raised by the Plaintiff's complaint.[4] 28 U.S.C. §§ 1331 and 1441(c) thus prohibit this Court from assuming jurisdiction over the case,[5] and it must be remanded to the Circuit Court of Wood County.

III.
The Plaintiff also seeks attorney fees and costs involved in his motion to remand. An award of attorney fees and costs may be made pursuant to 28 U.S.C. § 1447(c) (1991), which states, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As noted in Gibson v. Tinkey, 822 F.Supp. 347, 348 (S.D.W.Va.1993), "The *899 award of such costs and expenses is discretionary. Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 924 (2nd Cir. 1992)."[6] In Gibson the basis for the petition for removal "was contrary to well-settled authority," 822 F.Supp. at 349, and the Court granted an award of attorney fees and costs.
In this case the Defendant's removal was ill-founded. A cursory examination of the applicable law would have revealed that the federal district court does not have jurisdiction over this case (see Parts II and III, infra) because no federal question is raised by the Plaintiff's complaint. The Court finds that an award to the Plaintiff of attorney fees and costs incurred as a result of the removal is appropriate in this instance.

IV.
Accordingly the Court GRANTS the Plaintiff's motion to remand and directs the Clerk to return this action to the Circuit Court of Wood County. The Court awards reasonable attorney fees and costs to the Plaintiff. The Plaintiff shall have ten days from the entry of this order to submit to the Court an affidavit setting out his reasonable attorney fees and costs associated with this remand action. The Clerk is directed to send a copy of this Order to counsel of record.
NOTES
[1] 28 U.S.C. § 1332 states, in pertinent part:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between 
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."
28 U.S.C. § 1441(b) states:
"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."
[2] 28 U.S.C. § 1441(c) was amended in 1990 to exclude the separation of claims based only on a federal court's diversity jurisdiction. Subdivision (c) formerly read:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."
Now, however, as the Commentary to 28 U.S.C. § 1441 states, "the diversity case may no longer invoke removal under subdivision (c); only the federal question claim  a claim arising under federal law  will henceforth support a subdivision (c) removal. That's what the statute means with its reference to § 1331." Siegel, Commentary on 1990 Revision, 28 U.S.C. § 1441(c), 2, 3 (West Supp.1993). But cf. Northbrook Nat. Ins. Co. v. Brewer, 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989) (where worker's compensation action is not removed from state court but is instead first filed in federal court by an insurer, diversity jurisdiction takes precedence over the prohibition within 28 U.S.C. § 1445(c)); see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).
[3] The defendant was the insurer of the plaintiff's employer.
[4] In fact, the Defendant does not assert any federal question posed by the Plaintiff's claims in its memorandum before this Court.
[5] Even where federal questions are raised in an action raising a retaliatory discharge claim based upon state workers' compensation laws, it has been held that the case may not be removed to federal court if all of the plaintiff's claims arise from a single wrong. See Hummel v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 749 F.Supp. 1023, 1028 (D.Hawaii 1990) ("A claim is not `separate and independent' if it arises from a single wrong. American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1197 (9th Cir.1988).").

On the other hand, it has been held that where federal questions are involved in a pendent claim, the retaliatory discharge claim may be removed to federal district court with the pendent claim. See Cedillo v. Valcar Enterprises & Darling Deleware Co., 773 F.Supp. 932 (N.D.Tex. 1991). Because no federal question is involved in this case, this issue need not be addressed.
As the Commentary to § 1441 notes, however, it remains to be seen how much utility subdivision (c) now has in light of the adoption of 28 U.S.C. § 1367 (1990), codifying so-called "pendent" jurisdiction (referred to as "supplemental" jurisdiction in § 1367). The Commentary states that "the elimination of the diversity category from subdivision (c) of § 1441, restricting it to federal question cases, and with the slim pickings the subdivision has in that realm, [subdivision (c)] may have to grope for some gainful employment." Siegel, Commentary on 1990 Amendment, at 6.
[6] In Gibson it was noted that, "[t]he trend among the circuits construing the amended version of § 1447(c) ... is to award attorney fees without reference to a particular state of mind or improper purpose [on the part of the removing party.] Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir.1993); Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 448 (9th Cir.1992); Republic of Palau, 971 F.2d at 923; Liebig v. DeJoy, 814 F.Supp. 1074, 1077 (M.D.Fla.1993) (stating `[T]he intent of the statute is to reimburse Plaintiffs who have incurred expenses in attacking improper removals')." 822 F.Supp. at 349.