76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANDORSON PROPERTIES, Plaintiff-Appellee,
v.
Kenneth Mitchell MITAN, et al., Defendants-Appellants.
 Nos. 94-2182, 94-2423.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 Before: CONTIE, NELSON, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 On September 28, 1994, Judge Robert Holmes Bell, of the United States District Court for the Western District of Michigan, signed an order awarding appellee Frandorson Properties costs and expenses (including attorney fees) of $9,403.26 found to have been incurred as a result of the improper removal of certain litigation from a state court to the federal court. On November 18, 1994, Judge Richard A. Enslen, also of the United States District Court for the Western District of Michigan, signed an order awarding Frandorson attorney fees and costs of $12,498.56 found to have been incurred as a result of the improper removal of certain companion litigation. The parties against whom these awards were made have appealed, and Frandorson has moved to strike a reply brief filed by the appellants in one of the appeals.
 
 
 2
 The appellants, to whom we shall refer collectively as "the Mitans," thought that they had a deal to manage and ultimately to purchase three shopping centers owned by Frandorson. The deal disintegrated, and Frandorson undertook to convey the shopping centers to Chemical Bank. State court litigation ensued, and the Mitans recorded notices of lis pendens and an affidavit claiming a purchaser's interest in the shopping centers. Frandorson took steps to remove the cloud on its title and instituted contempt proceedings in the state court. The Mitans then attempted to divest the state court of jurisdiction by filing the first of their two notices of removal.
 
 
 3
 The initial notice of removal purported to remove an action for breach of contract filed by the Mitans against Frandorson, invoking 28 U.S.C. § 1443(1), which authorizes removal on civil rights grounds. A second notice of removal, filed with respect to a slander of title suit brought by Frandorson, invoked 28 U.S.C. §§ 1441(a) and (c). The district court determined that the removals were not authorized by any of the statutory provisions in question, and the cases were remanded to the state court pursuant to 28 U.S.C. § 1447(c). As authorized by § 1447(c), the Mitans were ordered to pay the costs and actual expenses, including attorney fees, incurred by Frandorson as a result of the removals.
 
 
 4
 Pursuant to 28 U.S.C. § 636(b), Judge Enslen authorized a magistrate judge to determine the amount to be awarded in the case that had been removed first. The magistrate judge recommended that the Mitans be required to pay $13,590.06. Upon de novo review, Judge Enslen reduced the attorney fees by ten percent; the conclusions of the magistrate judge were otherwise adopted. Judge Bell accepted Frandorson's estimate of its costs and expenses and made his award accordingly.
 
 
 5
 On appeal, the Mitans argue that § 1447(c) only covers actual, not estimated, expenses; that no awards should have been made without evidentiary hearings; and that Frandorson obtained an unjustified double recovery.
 
 
 6
 We conclude that neither district judge abused his discretion in calculating the sums awarded. In each case, it seems to us, the award of fees and costs was " 'fair and equitable under all the circumstances.' " Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir.1993) (quoting Morgan Guaranty Trust v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir.1992)).
 
 
 7
 Courts often estimate the costs where it is difficult to assess the exact amount. See generally Chamber v. Nasco, 501 U.S. 32.55-56 (1991) (holding that district court acted within its discretion when it approximated attorney fees at $1 million); Stewart v. Rhodes, 656 F.2d 1216 (6th Cir.1981), cert. denied. 455 U.S. 991 (1982) (affirming district court's grant of $117,020.34 for approximately 1,850 attorney hours). In the case at bar, the decision not to hold evidentiary hearings was reasonable; the district judges carefully reviewed Frandorson's figures and considered the Mitans' objections to the figures before making the awards. The judges acted in a "fair and equitable" manner, and we are satisfied that no impermissible duplication occurred.
 
 
 8
 The orders appealed from are AFFIRMED. The motion to strike the reply brief is DENIED.