**Marilyn L. BLAIR, Plaintiff,**

v.

**SCHOTT SCIENTIFIC GLASS CO., et al., Defendants.**

**Civil Action No. 6:96–0810.**

United States District Court, S.D. West Virginia, Parkersburg Division.

Nov. 8, 1996.

Walt Auvil, Pyles & Auvil, Parkersburg, WV, for plaintiff.

James R. Haggerty and Robert F. Prorok, Reed, Smith, Shaw & McClay, Pittsburgh, PA, George Zivkovich, Myers, Powell & Zivkovich, Parkersburg, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's Motion to Remand. The Court **GRANTS** the Motion.

This action was originally filed in the Circuit Court of Wood County, West Virginia. The Complaint alleges state law claims of (1) invasion of privacy, (2) sex and handicap discrimination, and (3) workers' compensation discrimination. The Complaint alleges no violations of federal law. Defendants removed the action to this Court based on their assertion that the state law claims are preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

In *Scott v. Greiner*, 858 F.Supp. 607, 609 (S.D.W.Va.1994), this Court quoted with approval from *State ex. rel. Brown v. American*

*Television & Communications Corp.,* 1988 WL 72619 (S.D.W.Va.1988):

> For federal question jurisdiction to exist, federal law must be a direct element in plaintiff's claim. It is not enough for the laws to come in remotely and indirectly. The federal question must appear on the face of a well-pleaded complaint. The well-pleaded complaint rule bars invoking federal jurisdiction on the basis of an answer invoking a federal defense. A corollary of the well-pleaded complaint rule states that a party who brings a suit is master of his claim and as such may determine to forego a federal claim and restrict his suit to state court on a state created claim. If the plaintiff so decides, his case generally cannot be removed.

*See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The rule makes plaintiff the master of the claim; he or she may avoid federal question jurisdiction by exclusive reliance on state law.") Further, the *Caterpillar* Court recognized that a case may not be removed on the basis of a federal defense "including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393, 107 S.Ct. at 2430.

There is, however, an exception to the well-pleaded complaint rule: the complete pre-emption doctrine. The *Caterpillar* Court observed:

> On occasion, the court has concluded that the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Id.* (internal quotation marks and citations omitted). In the instant action, Defendants' Notice of Removal asserts the resolution Plaintiff's state law claims will require the Court to consider "the 1993–1996 collective bargaining agreement," and that the Plaintiff's claims are, therefore, pre-empted by § 301 of the Labor Management Relations Act.

Section 301 of the Labor Management Relations Act provides:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States ....

Although state claims requiring the interpretation of collective bargaining agreements and the interpretation of parties' rights thereunder are, according to well-established federal precedent, wholly pre-empted by § 301, the Supreme Court observed and cautioned:

> not every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement, is pre-empted by § 301 or other provisions of federal labor law. Section 301 on its face says nothing about the substance of what private parties may agree to in their labor contract. Nor is there any suggestion that Congress, in adopting § 301, wished to give substantive provisions of private agreements the force of federal law, ousting any inconsistent state regulation. Such a rule of law would delegate unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored. Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

*Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 211–12, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985). The Court concluded that even when negotiable rights are at issue, tort claims are pre-empted by § 301 only when evaluation of the claims is "inextricably intertwined" with

consideration of the terms of the labor contract. *Id.* at 213, 105 S.Ct. at 1912.

In *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), the Court found that an employee's state law claim alleging retaliatory discharge for filing a worker's compensation claim was not completely pre-empted. The Court observed the determination of the retaliatory discharge claim raised "purely factual questions" pertaining to the employee's and the employer's motivations. *Id.* at 407, 108 S.Ct. at 1882. The *Lingle* Court held that because this factual inquiry did not turn on the meaning of any provision of a collective bargaining agreement, the state law remedy was "independent" of the collective bargaining agreement for the purposes of § 301 pre-emption because resolution of the state law claim did not "require construing the collective bargaining agreement." *Id.* The Court also found that even if the resolution of a dispute under the collective bargaining agreement and under state law requires analysis of the same facts, the claim is still "independent" of the agreement as long as it can be resolved without interpreting the agreement. *Id.* at 409–10, 108 S.Ct. at 1883.

Most recently, in *Livadas v. Bradshaw*, 512 U.S. 107, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994), the Supreme Court noted *Lingle* had made clear "that when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Id.* at ——, 114 S.Ct. at 2078. Our Court of Appeals summarized:

> In holding against LMRA preemption of the plaintiff's claim, the [*Livadas*] Court relied upon the fact that it found no suggestion that the employee's union purported to bargain away the state law wage payment protections at issue. The Court also focused on the fact that there was no indication that parties to the CBA understood the arbitration clause to cover such state law claims.

*Martin Marietta Corp., Aero & Naval Systems v. Maryland Comm'n. on Human Rela-*

*tions*, 38 F.3d 1392, 1398 (4th Cir.1994) (citations and quotation marks omitted).

Defendants here assert that the resolution of Plaintiff's claims will require interpretation of the collective bargaining agreement and are, therefore, completely pre-empted. *See, e.g., McCormick v. AT & T Technologies, Inc.*, 934 F.2d 531, 535 (4th Cir.1991) (question in pre-emption analysis is whether resolution of the cause of action requires interpretation of a collective bargaining agreement). Specifically, Defendants assert Plaintiff is using the state law claims to circumvent the process established by the collective bargaining process to adjudicate workplace disputes.

■ This Court has recognized:

> [t]he burden of proof on a motion to remand falls on the party seeking to preserve the removal, not on the party moving for remand.... Doubts about the propriety of removal *should be resolved in favor of remand.*

*ELCO Mechanical v. Builders' Supply*, 832 F.Supp. 1054, 1057 (S.D.W.Va.1993) (citations omitted). Further, "in close cases any doubt should be resolved in favor of remand to spare the parties proceedings which might later be nullified should jurisdiction be found to be lacking." *Thomas v. Kroger Co.*, 583 F.Supp. 1031, 1037 (S.D.W.Va.1984) (Haden, C.J.) (citations omitted).

■ Defendants have not shown that the evaluation of Plaintiff's claims will be "inextricably intertwined" with consideration of the collective bargaining agreement. There is no suggestion that Plaintiff's union bargaining away the state law claims at issue in this action. Neither is there any indication that the parties to the collective bargaining agreement understood the agreement to cover the state law claims asserted here. *See Martin Marietta*, 38 F.3d at 1398. Because Defendants have not shown the adjudication of Plaintiff's state law claims will turn on the meaning of any provision of the collective bargaining agreement, the Court finds and concludes the state claims are independent of the agreement for purposes of § 301 pre-emption.

■ Count I of the Complaint alleges that Defendants violated Plaintiff's reasonable expectations of privacy by publishing widely details of her medical records and drug and alcohol treatment. Under West Virginia law, a plaintiff must prove the following elements to show invasion of privacy: 1) there was a public disclosure by the defendant of facts regarding the plaintiff; 2) the facts disclosed were private; 3) the disclosure of such facts would be highly offensive and objectionable to a reasonable person; and 4) the public has no legitimate interest in the facts disclosed. *See Davis v. Monsanto Co.*, 627 F.Supp. 418, 421 (S.D.W.Va.1986) (Haden, C.J.)

Plaintiff contends that Defendants, in an attempt to embarrass her, spoke of her record of drug and alcohol treatment in public places, often with employees who had no part in the collective bargaining process. Defendant appears to argue that because discussions concerning Plaintiff's drug and alcohol use first took place in labor/management meetings held pursuant to the collective bargaining agreement, any further use of the information obtained in those meetings necessarily implicates the collective bargaining agreement.

■ Defendants do not cite any provision of the collective bargaining agreement concerning their right to make public sensitive information discovered in the context of the labor/management meetings. Neither have they shown that the factual inquiry concerning this claim will turn on a provision of the collective bargaining agreement. As noted above, the mere fact that the collective bargaining agreement may be consulted in the course of the litigation does not trigger the application of the complete pre-emption doctrine. *See Livadas*, 512 U.S. at ——, 114 S.Ct. at 2078.

■ Count II alleges Defendants violated the West Virginia Human Rights Act by discriminating against Plaintiff based on her sex and her record of handicap. In *Knox v. Wheeling Pittsburgh Steel Corp.*, 899 F.Supp. 1529 (N.D.W.Va.1995), the Court applied the principles set forth in *Lingle* and *Livadas* and held plaintiff's claim under the West Virginia Human Rights Act was not pre-empted by the § 301 of the LMRA. The Court stated:

> Like the retaliatory discharge claim in *Lingle*, the elements of a discrimination claim under the Human Rights Act pertain to the conduct and motivations of the employer under statutory standards, rather than the standards of the CBA.... Thus, even though the CBA may have been "crystal clear" in prohibiting discrimination, it is not necessary to interpret the CBA to resolve the state law discrimination claim because Wheeling–Pittsburgh might have ignored that prohibition.

*Id.* at 1534–35. Similarly, the resolution of this claim will turn on the conduct and motivations of Defendants rather than on the standards of the CBA. As the *Lingle* Court observed, even if the resolution of the claim under state law and under the CBA requires analysis of the same facts, Plaintiff's state claim is still "independent" of the agreement because it can be resolved without interpreting the agreement. *Lingle*, 486 U.S. at 409–10, 108 S.Ct. at 1883–84.

Furthermore, Defendants have not alleged there is any language in the CBA concerning discrimination.[1] Thus, Defendants have not shown the meaning of terms of the CBA will be in dispute. Plaintiff's discrimination claim is, therefore, not pre-empted.

Finally, Count III alleges intentional and willful discrimination against Plaintiff based on her attempts to obtain workers' compensation benefits in violation of *West Virginia Code* § 23–5A–1. This Court previously held that a claim of retaliatory discharge made pursuant to that statute "is one that arises

---

1. The Court notes that the parties would not be permitted to contract around state anti-discrimination law. *Lueck,* 471 U.S. at 211–12, 105 S.Ct. at 1911–12, held that § 301 does not grant the parties to a CBA the ability to contract for what is illegal under state law. The Supreme Court underscored in *Lingle* the point that § 301:

> cannot be read broadly to preempt non-negotiable rights conferred on individual employees

> as a matter of state law, and we stressed that it is the legal character of a claim, as "independent" of rights under the Collective Bargaining Agreement, that decides whether a state cause of action may go forward.

*Livadas,* at ——, 114 S.Ct. at 2078.

under the worker's compensation laws of West Virginia and is thus barred from removal to federal district court by 28 U.S.C. § 1445 (c)." [2] *Husk v. E.I. Du Pont De Nemours & Co.*, 842 F.Supp. 895, 896 (S.D.W.Va.1994) (Haden, C.J.).

■ Neither does resolution of the workers' compensation retaliation claim require interpretation of the CBA. In order to make out a prima facie case of workers' compensation discrimination under West Virginia law, Plaintiff must prove, among other things, that the filing of the workers' compensation claim was a significant factor in the decision to discriminate against the employee. Thus, as in *Lingle* and *Knox*, the elements of the claim must be analyzed according to the motivations and conduct of Defendants rather than the standards of the CBA.

For the foregoing reasons, the Court finds and concludes that § 301 of the LMRA does not wholly pre-empt Plaintiff's state law claims. Thus, Defendants' removal of the action to this Court was improper. Accordingly, the Court **REMANDS** the action to the Circuit Court of Wood County, West Virginia pursuant to 28 U.S.C. § 1447(c) based on lack of subject matter jurisdiction.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and a certified copy to the Clerk of the Circuit Court of Wood County, West Virginia.

---

**2.** Title 28 U.S.C. § 1445(c) provides:
A civil action in any State Court arising under the workmen's compensation laws of such

State may not be removed to any district court of the United States.