**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM COURTNEY BLOCK,
individually and as next friend and
guardian of Danielle Block; JODI
BLOCK,
<u>Plaintiffs-Appellants,</u>

v.

ALLSTATE INSURANCE COMPANY, a
corporation doing business in the
State of West Virginia; TIMOTHY L.
POPICG, individually and as an agent

of Allstate Insurance Company,
doing business in the State of West
Virginia; GRUMMAN ALLIED
INDUSTRIES, INCORPORATED, formerly
known as Olson Bodies,
Incorporated; J.B.E. OLSON
CORPORATION, d/b/a Grumman
Olson, a division of Grumman
Allied Industries, Incorporated,
<u>Defendants-Appellees.</u>

No. 98-2034

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-97-145-5)

Argued: December 3, 1999

Decided: December 29, 1999

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jeffrey Alan Holmstrand, MCDERMOTT & BONEN-BERGER, P.L.L.C., Wheeling, West Virginia, for Appellants. Charles Chilton Wise, III, BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C., Fairmont, West Virginia, for Appellees. **ON BRIEF:** Gregory A. Gellner, GELLNER LAW OFFICES, Wheeling, West Virginia, for Appellants. Monica L. Miyashita, BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C., Fairmont, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Having successfully moved to remand their case to state court, William, Jodi, and Danielle Block appeal the district court's decision not to award costs and attorney fees under 28 U.S.C.§ 1447(c). Because the district court did not abuse its discretion in denying costs and fees, we affirm.

I.

This case arises out of a vehicle collision in which William Block, a UPS truck driver, was hit by a motorist whose insurance policy did not cover the full extent of Block's injuries. Block, along with his wife, Jodi, and daughter, Danielle, brought suit in state court against four defendants. The Blocks asserted claims against Grumman Allied Industries, Inc. and J.B.E. Olson Corporation, the manufacturers of the UPS truck's seat belt and seating assembly, for products liability,

negligence, and breach of warranty. The Blocks sued Allstate Insurance, claiming benefits on underinsured motorist coverage--coverage that Allstate says the Blocks never purchased. In addition, the Blocks sued their insurance agent, Timothy Popicg, claiming that if their auto insurance policy in fact did not include underinsured motorist coverage, then Popicg was negligent in failing to advise them properly regarding the purchase of such coverage.

Allstate, with the consent of the other defendants, removed the case to federal court on the basis of diversity jurisdiction. Allstate acknowledged the lack of diversity between the Blocks and their insurance agent, Popicg. Allstate argued, however, that, in order to defeat federal jurisdiction, the Blocks had fraudulently joined Popicg, against whom the Blocks had no independent cause of action under West Virginia law.

The Blocks moved to remand the case to state court and asked the district court to award them costs and attorney fees incurred in opposing the removal. In remanding to state court an improperly removed case, a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See 28 U.S.C.A. § 1447(c) (West 1999).

The district court remanded. Finding that under West Virginia law the Blocks "have at least a possibility of recovery" against Popicg, the court held that Popicg had not been fraudulently joined. The court denied costs and fees, however. The court found that such an award "would not be appropriate in this case." The Blocks appeal the district court's denial of an award of costs and attorney fees.

II.

Allstate argues, as an initial matter, that we should not hear the appeal because it was not timely filed.

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, notice of appeal must be filed within 30 days after the judgment or order appealed from is entered. The Blocks filed this appeal 31 days after entry of the order denying costs and fees. However, under

3

Rule 58 of the Federal Rules of Civil Procedure, the time period within which an appeal must be filed under Rule 4(a) does not begin to run until the order has been entered on a separate document. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 384-85 (1978). Because the district court here did not enter its order denying costs and fees on a separate document, this appeal is not untimely.

It is, if anything, premature. We consider the appeal, however, because neither party has raised an objection to the form in which the judgment was entered. See Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691 (4th Cir. 1978).

III.

The removal statute commits the determination of the appropriateness of an award of costs and fees, on remand of an improperly removed case, to the discretion of the district court. See 28 U.S.C. § 1447(c). Here, the district court did not abuse that discretion.

It is not clear whether, under West Virginia law, the Blocks can assert an independent cause of action against an insurance agent for allegedly giving them negligent advice regarding the purchase of an insurance policy. There is no West Virginia case establishing such a cause of action, and Allstate therefore could legitimately contend, as it did, that West Virginia law did not support the Blocks' theory of recovery against Popicg. In light of Allstate's argument, the district court could certainly have concluded, as it apparently did, that this was not a case in which "a `cursory examination would have revealed' a lack of federal jurisdiction." See In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996) (quoting Husk v. E.I. Du Pont De Nemours & Co., 842 F.Supp. 895, 899 (S.D.W.Va. 1994)).

The Blocks maintain that we must at least remand for the district court to offer further justification for its decision. We are aware of no case, however, requiring a district court to offer reasons in support of its decision to deny an award of costs and fees under § 1447(c). We will not impose such a requirement where, as here, the district court was well within the discretion granted to it by the removal statute.

4

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

5