**Barbara THORNE, Plaintiff,**

v.

**WLR FOODS, INC., and Wampler Foods, Inc., Defendants.**

**No. CIV.A. 3:00CV24.**

United States District Court,
N.D. West Virginia,
Martinsburg Division.

Aug. 29, 2000.

---

Robert J. Schiavoni, David M. Hammer, Hammer, Ferretti & Schiavoni, Martinsburg, WV, for Plaintiff.

Charles F. Printz, Jr., Bowles, Rice, McDavid, Graff & Love, Martinsburg, WV, for Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

BROADWATER, District Judge.

Currently pending before the Court is plaintiff's motion to remand.[1] For the reasons set forth below, the Court **ORDERS** the motion **GRANTED**.

1. Doc. # 6.

2. Compl. ¶ 1.

3. *Id.* ¶ 12.
   Plaintiff also alleges violations of the West Virginia Human Rights Act. *Id.* ¶¶ 12, 13.

4. Doc. # 1.

5. Doc. # 5.

6. *See* 28 U.S.C. § 1447(c) (West Supp.1999) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## I. BACKGROUND

On January 22, 1998, defendant Wampler Foods, Inc. terminated the plaintiff's employment.[2] In response, plaintiff sued defendants in Jefferson County Circuit Court alleging that defendants terminated her in retaliation for exercising her rights under the West Virginia Worker's Compensation Act (WVWCA).[3]

Defendants removed this civil action on the basis of diversity jurisdiction.[4] Plaintiff then filed a motion to remand arguing that this civil action was not properly removed pursuant to 28 U.S.C. § 1445(c).[5]

## II. ISSUE OF LAW

Does plaintiff's claim of retaliatory discharge, for filing worker's compensation benefits, arise under the worker's compensation laws of West Virginia for purposes of 28 U.S.C. § 1445(c)?

## III. DISCUSSION OF LAW

A. Remand

The Court must remand a civil action if the Court does not have jurisdiction[6] or if an Act of Congress expressly prohibits removal of that civil action.[7] Under section 1445(c), Congress expressly prohibited the removal of civil actions arising under state worker's compensation laws.[8]

The Court should resolve all doubts, concerning the validity of a removed civil action, in favor of remand.[9]

7. *See id.* § 1441(a) (1994) (*"Except as otherwise expressly provided by Act of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed") (emphasis added).

8. *See id.* § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").

9. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir.1999).

### B. *Arthur v. E.I. Du Pont de Nemours & Co., Inc.*[10]

The WVWCA provides an injured employee's primary avenue of recourse against an employer.[11] However, if the employer deliberately injures the employee, then the injured employee may have a cause of action against the employer outside of the WVWCA. This is known as a *Mandolidis* suit, based upon the West Virginia Supreme Court of Appeals' case, *Mandolidis v. Elkins Indus., Inc.*[12] and later by the amendments to section 23–4–2 of the West Virginia Code.[13]

In *Arthur v. E.I. Du Pont de Nemours & Co., Inc.*,[14] the Fourth Circuit Court of Appeals held that a *Mandolidis* suit does not arise under West Virginia's worker's compensation laws and, therefore, is removable.[15] Among other factors,[16] the

Fourth Circuit considered persuasive that a *Mandolidis* suit "is not integrally related to the operation of West Virginia's workers' compensation system[ because i]t does not protect or enhance the ability of workers to obtain compensation benefits, i.e., fixed benefits without regard to fault for workplace injuries."[17]

Importantly, the Court did not "decide ... whether a statutory retaliatory discharge claim arises under 'workman's compensation laws.' "[18] However, in dicta, the Court distinguished *Mandolidis* suits from retaliatory discharge suits.[19] Whereas the Court held that *Mandolidis* suits are not integrally related to the WVWCA,[20] the Court held that retaliatory discharge claims, for filing worker's compensation benefits under the WVWCA, are integrally related to the WVWCA.[21]

**10.** 58 F.3d 121 (4th Cir.1995)

**11.** *See Mains v. J.E. Harris Co.*, 119 W.Va. 730, 197 S.E. 10, 11 (1938) ("Our act not only protects the employer against the risks and hazards in actions at law and the burden and expense of such litigation and counsel fees, but in many cases affords the employee the only means of compensation."); *Rhodes v. J. B. B. Coal Co.*, 79 W.Va. 71, 90 S.E. 796, 798 (1916).

**12.** 161 W.Va. 695, 246 S.E.2d 907, 910–14 (1978).

**13.** *See* W. Va.Code § 23–4–2(b) (1998).

The West Virginia Legislature's amendment the West Virginia Code "simply serves to circumscribe the common law *Mandolidis* claim." *Arthur v. E.I. Dupont de Nemours & Co., Inc.*, 58 F.3d 121, 127 (4th Cir.1995).

**14.** 58 F.3d 121 (4th Cir.1995).

**15.** *See id.* at 128 ("Accordingly, we hold that Code § 23–4–2(c)(2) is not a 'workmen's compensation law[ ]' for purposes of 28 U.S.C. § 1445(c). It follows that the *Mandolidis* claim (as circumscribed by section 23–4–2(c)(2)) does not arise under 'workmen's compensation laws.' ").

**16.** These other factors include the legislature's intent to bar removal of worker's compensation claims that otherwise filled the Federal Courts' dockets, *id.* at 124, the definition of worker's compensation laws when Con-

gress enacted 1445(c), *id.* at 125, and the common law origins of *Mandolidis, id.* at 127.

Importantly, the Court held that, because the issue was whether a *Mandolidis* suit arose under the WVWCA, the Court was not persuaded that the elements of a *Mandolidis* claim appear in the WVWCA. *See id.* ("[W]e are not bound by where the section appears in the West Virginia Code. Rather, we must determine whether section 23–4–2(c)(2) is a 'workmen's compensation law[ ]' as contemplated by 28 U.S.C. § 1445(c).").

**17.** *Id.* at 127.

**18.** *Id.* at 128.

**19.** *See id.* at 128 ("We do, however, note the sharp distinction between a retaliatory discharge claim and the *Mandolidis* claim").

**20.** *See supra* note 17; *see also Arthur*, 58 F.3d at 128 ("By contrast, the *Mandolidis* claim has no relationship to providing no-fault benefits and plays no role in promoting the just and smooth operation of the workers' compensation system.").

**21.** *See Arthur*, 58 F.3d at 128 ("The action for retaliatory discharge is integrally related to the just and smooth operation of the workers' compensation system; it insures that those seeking compensation benefits are not scared out of making claims.").

Therefore, the Court concluded that "[t]he significant differences between a retaliatory discharge claim and the *Mandolidis* claim

**C. District Courts Within the Fourth Circuit**

The District Courts, within the Fourth Circuit, have held that a retaliatory discharge claim, for filing for benefits under the WVWCA, arises under the WVWCA and, therefore, is not removable. In so holding, the Southern District of West Virginia considered persuasive that a claim for retaliatory discharge is codified within the WVWCA and, more importantly, "is an integral, even essential, component of the legislatively created workmen's compensation scheme." [22]

In an unpublished opinion, Judge Keeley, of the Northern District of West Virginia, held that a claim based solely upon the retaliatory discharge statute of the WVWCA, arises under the WVWCA and is, therefore, not removable. [23]

## IV. ANALYSIS

Defendants, in their opposition, [24] analogize plaintiff's claim for retaliatory discharge with *Mandolidis* claims by arguing that a claim for retaliatory discharge, for filing worker's compensation benefits, arises under general tort common law and

not under the WVWCA. Consequently, defendants argue that the Court should follow the Fourth Circuit's analysis in *Arthur v. E.I. Du Pont de Nemours & Co., Inc.* [25] and, therefore, deny plaintiff's motion to remand.

Properly understood, there are three components to the Fourth Circuit's analysis in *Arthur*. The first component addresses the removability of a *Mandolidis* claim. [26] The second component addresses the removability of a retaliatory discharge claim for filing worker's compensation benefits under the WVWCA. [27] The third component addresses the District Court's grant of summary judgment on plaintiff's *Mandolidis* claim. [28]

Plaintiff, in this case, is not invoking a *Mandolidis* claim. Instead, plaintiff is suing defendants for, *inter alia*, the defendants' alleged retaliatory discharge in response to her filing benefits under the WVWCA. [29] Therefore, because the first [30] and the third [31] components of *Arthur* address *Mandolidis* claims, those portions of *Arthur* are not relevant to this civil action.

Instead, the second component [32] of *Arthur*, although technically dictum, is rele-

render the decisions remanding retaliatory discharge actions inapplicable here." *Id.*

Similarly, in *Pope v. Bethesda Health Ctr., Inc.*, 813 F.2d 1306 (4th Cir.1987), the Fourth Circuit hinted that a claim of retaliatory discharge, under the Maryland worker's compensation statutes, arose under Maryland's worker's compensation laws and was, therefore, not removable. *Id.* at 1308.

**22.** *Thomas v. Kroger Co.*, 583 F.Supp. 1031, 1037 (S.D.W.Va.1984).

The Southern District of West Virginia, in *Husk v. E.I. Du Pont De Nemours and Co.*, 842 F.Supp. 895 (S.D.W.Va.1994), confronted this same issue and considered itself bound by the court's analysis in *Thomas, id.* at 896–97. In turn, the Southern District of West Virginia, in *Blair v. Schott Scientific Glass Co.*, 945 F.Supp. 123 (S.D.W.Va.1996), confronted this same issue and considered itself bound by the court's analysis in *Husk, id.* at 127–28.

**23.** *Nutter v. Monongahela Power Co.*, No. 92–47–C, 1993 WL 757336, *3 (N.D.W.Va. Feb. 1, 1993) ("As the cause of action in this case is based solely in W.Va.Code § 23–5A–1, a worker's compensation statute, removal is im-

proper and it is hereby ORDERED that this case is REMANDED to the Circuit Court of Monongalia County, West Virginia.").

**24.** Doc. # 6.

**25.** 58 F.3d 121 (4th Cir.1995).

Furthermore, defendants argue that remanding this civil action is consistent with the legislative history of 1445(c), which the Fourth Circuit found persuasive in *Arthur*. Doc. # 6.

**26.** *Arthur*, 58 F.3d at 125–28.

**27.** *Id.* at 128.

**28.** *Id.* at 128–29.

**29.** *See supra* note 3.

**30.** *See supra* note 26.

**31.** *See supra* note 28.

**32.** *See supra* note 27.

vant to this civil action. This Court, therefore, finds persuasive the Fourth Circuit's analysis, in *Arthur*, that because a cause of action for retaliatory discharge, for filing worker's compensation benefits, is integrally related to the intricacies of the WVWCA, this cause of action necessarily arises under the worker's compensation laws of West Virginia.[33]

The Court further notes that there is a split in the Circuits on this issue and that other Courts could, consequently, decide this issue differently.[34] However, these Courts, although persuasive, are not binding upon this Court. The Court, instead, finds the analysis of *Arthur* both persuasive and binding on this Court.

### V.  CONCLUSION

For the above stated reasons, the Court **ORDERS** that plaintiff's motion to remand[35] is **GRANTED**. The Court further **ORDERS** that the currently pending motion to compel[36] and motion for an extension[37] are **DISMISSED AS MOOT**.

---

33.  *See supra* note 21.

34.  *Compare, e.g., Reed v. Heil Co.,* 206 F.3d 1055, 1060 (11th Cir.2000) ("[W]e conclude that for the purposes of section 1445(c), Alabama's retaliatory discharge cause of action arises under that state's workers' compensation laws."), *with, Spearman v. Exxon Coal USA, Inc.,* 16 F.3d 722, 725–26 (7th Cir.1994) ("A claim of retaliatory discharge may be adjudicated without any inquiry into the meaning of worker's compensation laws. . . . This case was properly removed").

35.  Doc. # 5.

36.  Doc. # 18.

37.  Doc. # 24.