Keith SMITH Plaintiff

v.

**WYNDHAM CORPORATION, et al. Defendants**

No. 1:02 CV 1176.

United States District Court, N.D. Ohio, Eastern Division.

March 10, 2004.

Barbara A. Belovich, Esq., Parma, OH, for Plaintiff.

Charles B. Baldwin, Esq., Michael A. Moffatt, Esq., Ogletree Deakins Nash Smoak & Stewart, Indianapolis, IN, for Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

WELLS, District Judge.

On 13 May 2002, plaintiff Keith Smith filed his complaint in the Court of Common Pleas for Cuyahoga County, Ohio raising claims of racial discrimination, retaliation, and wrongful discharge all in violation of Ohio law. Defendants removed the case to this Court asserting that count three of "plaintiff's complaint alleges that he is entitled to redress for deprivation of rights afforded by Title VII of the Civil Rights Act of 1962, as amended 42 U.S.C. § 2000e, *et seq.*" (Docket # 1). On 28 May 2003, this Court granted plaintiff's motion to remand finding that count three, on its face, refers to and is based on Ohio law and simply refers to Title VII as a source of Ohio's public policy against wrongful termination for discriminatory reasons and retaliation. (Docket # 15 and # 16).

 Subsequently, plaintiff filed a motion, pursuant to 28 U.S.C. § 1447(c), seeking attorney's fees in the amount of $956.25. (Docket # 19). Defendants filed a brief opposing plaintiff's motion. (Docket # 20). Section 1447(c) provides, in pertinent part, that:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

In exercising its broad discretion in awarding attorney's fees under Section 1447(c), district courts must make their decisions based on what is "fair and equitable under all the circumstances." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir.1993). A finding of improper purpose or bad faith is not necessary to award fees under Section 1447(c). *Id.*[1] In this case, Mr. Smith's complaint consisted of three clearly enumerated state law claims, with count three referencing federal law only as a source of Ohio's public policy and to support his request for attorney's fees. In remanding the case, this Court relied, in part, on a clearly applicable Sixth Circuit decision, *Long v. Bando Manufacturing of America*, 201 F.3d 754 (6th Cir. 2000) as well as three recent decisions from the Northern District of Ohio, including one by this Court based on nearly identical facts. Under these circumstances, an award of $956.25 in attorney fees to Mr. Smith is just and equitable.

IT IS SO ORDERED.

---

**1.** In arguing that extraordinary circumstances, such as bad faith, are required for an award of attorney's fees, defendants rely on three out-dated federal district court cases, *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1204 (D.R.I.1986), *Pack v. Rich Terminal Company, et al.*, 502 F.Supp. 58 (S.D.Ohio 1980), and *Dunkin Donuts of America v. Family Enterprises, Inc.*, 381 F.Supp. 371 (D.Md. 1974), which were based on a previous version of Section 1447(c). Prior to the 1988 amendments to Section 1447(c), section 1447(c) did not provide for the award of attorney fees and the district court's exercise of discretion was limited to an award of "just costs." *Morris*, 985 F.2d at 240. The discretion of district courts was greatly expanded by the 1988 amendments. *Id.*